Mr. Odies Wilson, III c/o Stacey Witherell, Employee Services Manager City of Little Rock Human Resources Department 500 West Markham, Suite 130 W Little Rock, Arkansas 72201
Dear Mr. Wilson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the City of Little Rock custodian of records to release your employment application and any other public information relating to your employment maintained by the City's Human Resources Department, is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005). You have enclosed with your request a copy of the FOIA request, which seeks the "application for employment and any other public information that you have for Odies Wilson, III." The custodian has notified you of this request and has stated that "As the custodian of the records, it is my determination that this information is a personnel record and is releasable." You seek my opinion as to "whether this information is releasable."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian is consistent with the provisions of the FOIA. Here, the custodian has decided that your employment application is subject to disclosure, apparently without any redactions. I have not reviewed the actual document in question, but assuming it does not contain any information the release of which would constitute a "clearly unwarranted invasion of personal privacy," in my opinion the custodian's decision with regard to the employment application is consistent with the FOIA. The custodian has also apparently made a determination to release "any other public information that the Human Resources Department maintains" regarding your employment. Similarly, I have not reviewed the actual documents in issue. Personnel records of government employees typically contain both public and non-public information under the FOIA. Assuming that the custodian has properly determined to release only the "public" information requested, in my opinion the custodian's decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the documents are kept in the course of city business, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I recently explained by quoting the words of one of my predecessors:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2005-057 at 2, quoting Op. Att'y Gen. No. 1999-305.
In my opinion these application-related documents are properly classified as "personnel records" for purposes of the FOIA. The FOIA exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
I have summarized the test for determining the release of personnel records as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y Gen. 2004-260 at 2.
My predecessors and I have opined on numerous occasions that job applications, are "public records," properly classified as "personnel records" and are subject to inspection and photocopying, provided that all exempt information has first been deleted. See, e.g., Ark. Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. As I recently stated, "educational background and work history . . . reflect job qualifications and a public interest therefore attaches to this information," and "it is not clear to one, without a review of the records, or any additional pertinent facts, how the public's interest in this information is outweighed by the individual's privacy interest." Op. Att'y Gen. 2006-165 at 9-10. Nonetheless, certain information may need to be excised from employment applications prior to their release. Among the categories of exempt information to be deleted are social security numbers, see Ark. Ops. Att'y Gen. Nos. 2001-203 and 99-011 (citing 5 U.S.C. § 552a, the "Federal Privacy Act"), medical information and scholastic transcripts. See A.C.A. § 25-19-105(b)(2).
In my opinion, therefore, your employment application is subject to public inspection and copying with the redaction of any information that would give rise to a "clearly unwarranted invasion of personal privacy" as set out above. Assuming there is no information that would lead to a "clearly unwarranted invasion of personal privacy," or that the custodian intends to redact any such information, in my opinion the custodian's decision is consistent with the FOIA.
The requester has also requested "any other public information" relating to your employment." (Emphasis added). I assume that the custodian, in determining that this information is releaseable, has made a determination to release only "public" information appearing in your employment records (as requested), and to withhold or excise any portions the release of which would give rise to a clearly unwarranted invasion of personal privacy. If so, in my opinion the custodian's decision is consistent with the FOIA. Again, having not reviewed the records in question, I cannot make a definitive determination in this regard.
As a final matter, you stated that in seeking my opinion you "want to document this obvious abuse of the FOI Act." You state that you and the requester serve on the same state commission and that issues related to this service have prompted the FOIA request.
In this regard, the identity of the FOIA requester is not ordinarily pertinent to the analysis in applying the provisions of the FOIA. As I stated in Op. Att'y Gen. 2004-255, quoting Op. Att'y Gen. No. 2002-087:
 [T]he long-held view [is] that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See Op. Att'y Gen. 2002-067 (". . . the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought"). See also, Ops. Att'y Gen. 1998-186; 96-309; 92-289 and Watkins, THE FREEDOM OF INFORMATION ACT at 76 (m m Press, 3rd ed. 1998). The United States Supreme Court in Department of Defense v. FLRA, supra cited with approval language of an earlier case, Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749 (1989), to this effect: "'whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA 'to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . .'the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. 'Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
Id. at 4-5, quoting Op. Att'y Gen. 2002-087 at 5-6.
In my opinion, therefore, the FOIA request at issue must be evaluated without regard to the particular motive of the requester.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General